IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA

| | |
|---|---|
| CARL HUTTO,<br>    Plaintiff,<br>vs.<br>TERRANCE ROSE, Individually and Officially as security Officer of Elmore Correctional Facility;<br>OFFICER SUGGS, Individually and Officially as security officer of Elmore Correctional Facility<br>JOSEPH GRIGGS, Individually and Officially as security officer of Elmore Correctional Facility<br>OFFICER MCCARTY, individually and Officially as security officer of Elmore Correctional Facility;<br>OFFICER RUDALPH, individually and Officially as security officer of Elmore Correctional Facility;<br>OFFICER MCWHORTHER, individually and Officially as security officer of Draper Correctional Facility,<br>    Defendant. | Case No. 2:06CV328-WKW |

RECEIVED
APR 11 A 10: 23
DEBRA P. HACKETT, CLK
U.S. DISTRICT COURT
MIDDLE DISTRICT ALA

## NATURE OF THE ACTION

1   This is a 1983 action filed by an inmate at the Draper Correctional Center, alleging violations of his constitutional rights. Plaintiff also alleges that he has been deprived of rights protected by state law. Plaintiff seeks money damages, declaratory and injunctive relief. The plaintiff requests a trial by jury.

-1-

## JURISDICTION

2. This action arises under the First, Eighth and Fourteenth Amendment to the United State Constitutional and 42 U.S.C. 1343 1983. This court has jurisdiction under 28 U.S.C. 1343. 28 U.S.C. 2201 authorizes plaintiff's request for declaratory relief. Plaintiff also requests that the court exercised its pendent jurisdiction over the plaintiff's state law claims.

## PARTIES

3. Plaintiff Carl Hutto is presently incarcerated at the Draper Correctional Center (DCC).

4. Defendant Terrance Rose is a correctional officer at the Elmore Correctional Facility (E.C.F.); he is sued in his individual and official capacities.

5. Defendant Suggs is a correctional officer at E.C.F.; he is sued in his individual and official capacities.

6. Defendant McCarty is a correctional officer at E.C.F.; he is sued in his individual and official capacities.

7. Defendant is a correctional officer at the Elmore Correctional Facility E.C.F.; he is sued in his individual and official capacities.

8. Defendant Rudolph is a correctional officer at E.C.F; he is sued in his individual and official capacities

9. Defendant McWhorter is a correctional officer at E.C.F.; he is sued in his individual and official capacities.

10. All Defendants have acted under color of state law during all times relevant to this complaint.

## FACTUAL BACK GROUND

11. On April 9 2004 Defendant Terrance Rose was assigned to the security post of the Cubicle. At approximately 6:30 P.M. The Plaintiff was taking a shower and heard his name called for mail. Plaintiff got dressed and went to the cubicle knocked on the glass door.

12. The Cubicle officer, Defendant Rose, acknowledged the Plaintiff, and asked him what did he want? Plaintiff explains that his name was called for mail while he was in the shower and that he was unable to get his mail then. Defendant Rose had the box containing the mail in his hand at the time, and asked the Plaintiff, what is your name? Plaintiff answered, Carl Hutto. While searching for Plaintiff's mail. Defendant Rose received a radio transmission, and told Plaintiff he had to come back later.

13. Plaintiff returned to the Cubicle at approximately 8:54 P.M. and asked Defendant Rose could he have his mail? Defendant Rose said no! Plaintiff walked away saying he will get his mail Monday. Defendant Rose came out of the Cubicle and asked Plaintiff, what did you say? Plaintiff repeated, while trying to walk away again, "I will get it Monday".

14. Defendant Rose ordered Plaintiff to come back to him and ordered plaintiff to go into the cubicle.

15. As soon as the Plaintiff enter into the cubicle defendant Rose locked the cubicle door, and told Plaintiff to get on the wall, while turning toward the wall defendant Rose hit Plaintiff in the back of the head and than hit the Plaintiff in his left side of the body.

16. When the Plaintiff turned to face Defendant Rose, Defendant Rose started hitting Plaintiff in the face and body as fast as he could with both hands.

17. Four other officers charged in and threw Plaintiff on the floor and started assaulting the Plaintiff and at the

same time telling Plaintiff to put his hands behind his back.

18. Plaintiff complied and was handcuffed, but the officers continue assaulting the Plaintiff, hitting him in his face. Plaintiff cried aloud that he had done nothing wrong several times, and the officers seemed to come to their senses, and finally stopped hitting the Plaintiff in his face.

19. As a result the Plaintiff suffered injuries to his face, head, shoulder, and legs. How severe the injuries are is unknown to the Plaintiff. Plaintiff was only allowed to see a black male nurse. Plaintiff continues to have headaches, leg and back pains from the assault in violation of his federally protected rights.

20. Defendants have failed to take corrective action concerning the allegation described herein, even after countless reports of the violence in the institution.

## STATEMENT OF CLAIMS

21. Plaintiff reallege all of the above paragraphs of the Complaint as if set out in full.

22. Plaintiff brings this action for injunctive relief and damages pursuant to 42 U.S.C. § 1983 to remedy and redress

the violation of his First Amendment right to Freedom of Speech when defendant attacked Plaintiff for asking for his mail from his family.

23. The actions of the defendants described herein deprived the plaintiff of due process of law guaranteed to him by the Fourteenth Amendment to the United States Constitutional and protected by 42 U.S.C. 1983.

24. The action of the defendants described herein deprived the plaintiff of the right to be free of cruel and unusual punishment pursuant to the eighth and Fourteenth Amendment to the United State Constitutional and protected by 42 U.S.C. 1983.

25. The action of the defendant described herein violated the Alabama law of assault and battery and the regulations of the Alabama Department of Corrections with respect to the lawful use of force.

26. The above-mentioned acts of the Defendants were willful, wanton, malicious, and oppressive and justify the award of punitive damages, and all other damages outlined herein.

## PRAYER FOR RELIEF

Wherefore, the plaintiff prays that this court:

1. Declare that the actions described herein deprived the plaintiff of rights guaranteed to him by the First, Eighth and Fourteenth Amendment to the United State Constitution, 42 U.S.C. 1983, and state law.

2. Grant permanent injunctive relief enjoining the defendant or their agents:

    a. From using excessive force on Alabama Prison inmates.

3. Award the plaintiff compensatory damages to compensate him for the violation of his legal rights.

4. Award the plaintiff punitive damages for $10,000.00 against the defendants for the willful and intentional violation of his legal rights.

5. Grant plaintiff such other relief, as the Court deems necessary and just.

Respectfully submitted this 6th day of April, 2006.

*Carl Hutto*
CARL HUTTO, #148575
Draper Correctional Center
P.O. Box 1107
Elmore, AL 36025