IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| CARL HUTTO ) | |
| ) | |
| Plaintiff(s), ) | |
| ) | |
| v. ) | |
| ) | 2:06-CV-328-WKW |
| TERRRANCE ROSE, ET AL. ) | |
| ) | |
| Defendant(s). ) | |
| ) | |
| ) | |

## ANSWER AND SPECIAL REPORT

COME NOW the Defendants, **Derrick Rudolph and Jamie McCarty[1],** by and through undersigned counsel, and in accordance with this Honorable Court's May 9, 2006 Order, offer the following Special Report.

## PARTIES

1. The Plaintiff, Carl Hutto, is an Alabama Department of Corrections (ADOC) inmate currently incarcerated in Draper Correctional Facility (DCF).

2. Defendant Derrick Rudolph is currently employed by ADOC as a Correctional Officer I at DCF.

3. Defendant Jamie McCarty is currently employed by ADOC as a Transfer Agent in Montgomery, Alabama.

## EXHIBITS

  1.    Exhibit A – Affidavit of Derrick Rudolph

  2.    Exhibit B – Affidavit of James McCarty

---

[1] Other defendants have been named but as of yet, none have served and the undersigned is not authorized to represent them until they are served and seek representation.

1

3.        Exhibit C – Affidavit of Warden Willie Thomas

## PLAINTIFF'S ALLEGATIONS

Plaintiff alleges that on April 9, 2004 he was showering at 6:30 p.m. when he heard his name called for mail call.  Plaintiff states he got dressed, went to the cubicle and knocked on the glass. Officer Terrance Rose acknowledged Plaintiff and asked what Plaintiff wanted.  Plaintiff alleges he explained to Officer Rose that he was in the shower during mail call.  Plaintiff claims Officer Rose asked his name and began to search through a box for his mail.  Plaintiff states that while Officer Rose was searching for his mail, he received a radio transmission and told Plaintiff he had to come back later.

Plaintiff further alleges that he returned to the cubicle at 8:45 p.m. and asked Rose if he could have his mail.  Officer Rose said no.  Plaintiff allegedly acquiesced, started to walk away and stated that he would get his mail on Monday.  Plaintiff alleges that Rose came out of the cubicle and asked Plaintiff what he had said.

Officer Rose then ordered Plaintiff to into the cubicle. As soon as the Plaintiff entered the cubicle, Officer Rose immediately locked the door and told Plaintiff to get on the wall.  Plaintiff claims as he was turning to the wall, Rose hit Plaintiff's head and then hit him on the left side of his body.

Plaintiff then states four other officers (Plaintiff does not identify these officers by name in either his original complaint or the amended complaint) charged in and threw Plaintiff to the floor and started assaulting him while telling him to put his hands behind his back.

Plaintiff alleges he suffered injuries and faced a disciplinary wherein he was punished by 45 days in segregation, loss of visitation, pass/leave, phone and store privileges.

Plaintiff alleges he was denied due process of law and was subjected to cruel and unusual punishment due to the excessive use of force.

## DEFENDANTS' RESPONSE

1. The Defendants deny that they violated the Plaintiff's constitutional rights.
2. The Defendants deny each and every material allegation not specifically admitted herein and demand strict proof thereof.
3. The Plaintiff has failed to state a claim upon which relief may be granted.
4. The Defendants are immune from suit under the Eleventh Amendment to the United States Constitution.
5. The Defendants are immune from suit due to qualified immunity.
6. The Defendants plead the applicable statute of limitations.
7. The Defendants plead the general issue.
8. The Defendants deny they used excessive force.
9. The Defendants deny they denied the Plaintiff due process.

## STATEMENT OF FACTS

On April 9, 2004, at 9:35 p.m. Inmate Carl Hutto entered the cubicle of A-Dorm. Inmate Hutto became argumentative towards Officer Terrance Rose because Hutto had not received his mail. Officer Rose instructed inmate Hutto to leave the cubicle and Hutto refused to comply with the order. Officer Rose then instructed inmate Hutto to place his hands on the wall to be searched as Officer Rose started to search inmate Hutto,

Hutto turned and struck Officer Rose. Officer Rose then grabbed inmate Hutto by the shirt collar and along with Officers Steven Suggs, Joseph Griggs and Terrance McWhorter placed inmate Hutto on the floor. Officer Griggs placed handcuffs on inmate Hutto. The necessary notification of the incident to various prison personnel was made and Officers Griggs and Suggs transported inmate Hutto to Staten Health Care Unite for a body chart.

## ARGUMENT

**I. Plaintiff fails to state a claim upon which relief can be granted.**

Plaintiff's complaint fails to state a cause of action against Defendants McCarty and Rudolph. The only defendants that have been served at this time are Officers Derrick Rudolph and Jamie McCarty. A review of the complaint reveals they are not named or mentioned in the body of the complaint at all. There is a vague allegation that "four other officers charged in and threw the plaintiff on the floor." (Plaintiff's First Amended and Substituted Complaint at paragraph 14) However, a review of the incident report shows that Officers Steven Suggs, Joseph Griggs and Terrance McWhorter assisted Officer Rose. Absent some allegation against Defendants Rudolph and McCarty, the Plaintiff failed to meet the requirements of notice pleading to put them on notice of what they are to defend as required by Rule 8 of the Federal Rules of Civil Procedure.

There is an allegation of lack of due process. Presumably this allegation stems from the disciplinary hearing that Plaintiff received. A review of the disciplinary report clearly shows that neither Defendant McCarty nor Rudolph were either a witness or the hearing officer. So it can be determined that this allegation does not apply to them.

4

As previously stated, Plaintiff's complaint is totally devoid of any factual allegations against Defendants McCarty and Rudolph. There is no record or documentation that shows Defendants McCarty or Rudolph were in any way involved in the April 9, 2004 incident made the basis of the Plaintiff's complaint. McCarty and Rudolph's affidavits state they have no knowledge of Plaintiff's allegations. As Magistrate Boyd stated in *Thomas v. Alabama State Department of Mental Health and Mental Retardation* 2005 WL 1389875*4 (M.D. Ala.),

> The requirement in Rule 8 for a 'short and plain statement of the claim showing the pleader is entitled to relief' means the specified allegations of fact or law must provide fair notice to the defendant of the nature of plaintiffs claim and its factual underpinnings. Allegations must be buttressed by facts at least to show that a claim for relief is viable. While the court has a, 'duty to liberally construe a plaintiff's complaint, that obligation is not the equivalent of a duty to rewrite' the pleading. (Citation omitted)

**II. The Defendants are immune.**

Plaintiff's suit is barred under the doctrines of discretionary function and qualified immunity. Qualified immunity protects government officials from civil trials and liability when their conduct "violates no clearly established statutory or constitutional rights of which a reasonable person would have known." *Wilson v. Blankenship*, 163 F.3d 1284, 1288 (11th Cir. 1998), quoting *Lassiter v. Alabama A&M Univ., Bd. of Trustees*, 28 F.3d 1146, 1149 (11th Cir. 1994). The Defendants are also entitled to discretionary-function immunity, which protects the discretionary acts of state employees from suit unless a plaintiff can show the employee acted maliciously or in bad faith. *Taylor v. Adams*, 221 F.3d 1254, 1261 (11th Cir. 2000). As Hutto has not shown that the defendants' actions violated clearly established law, or were done in bad faith, they are immune from suit.

To the extent that the Plaintiff asserts his claims against the Defendants in their official capacities, the claims must fail because the Defendants are entitled to immunity via the Eleventh Amendment. The Eleventh Amendment to the United States Constitution provides that "[t]he judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by citizens of another state, or by citizens or subjects of any foreign state." The Amendment not only bars suits against a state by citizens of another state, but it also bars suits against a state by that state's own citizens. See *Edelman v. Jordan*, 415 U.S. at 663, 94 S. Ct at 1347 and *Hans v. Louisiana*, 134 U.S. 1, 13-15, 10 S. Ct. 504, 33 L.Ed. 842 (1890). The Defendants were acting within the scope of their official duties in this instance on behalf of the State of Alabama. The State of Alabama has not waived its immunity or consented to the filing of such a suit. The Defendants are absolutely immune from suit in this instance. U.S. Const. amend. 11; Art. I, § 14, ALA. Const. (The State of Alabama shall never be made a defendant in any court of law or equity); see also *Kentucky v. Graham*, 473 U.S. 159, 165 (1985) (a claim against a state official in his official capacity is a claim against the state).

## CONCLUSION

There are no genuine issues of material fact, and the Defendants are entitled to judgment as a matter of law. WHEREFORE, the Defendants respectfully request that this Honorable Court dismiss the claims against them.

                Respectfully submitted,

                TROY KING
                Attorney General

                /s/ Jeffery H. Long
                Jeffery H. Long
                Assistant Attorney General


ADDRESS OF COUNSEL:

Office of the Attorney General
11 South Union Street
Montgomery, AL 36130
(334) 242-7300


## CERTIFICATE OF SERVICE

I hereby certify that I have, this the 19th day of June, 2006, electronically filed the foregoing with the Clerk of Court using the CM/ECF system and served a copy of the same upon the Plaintiff by placing same in the United States Mail, postage prepaid and properly addressed as follows:

    Carl Hutto, AIS 148575
    Draper Correctional Facility
    PO Box 1107
    Elmore, AL 36025

                /s/ Jeffery H. Long
                Jeffery H. Long
                Assistant Attorney General