IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

_____

| | |
|---|---|
| CARL HUTTO, #148 575 | * |
|     Plaintiff, | * |
| v. | *    2:06-CV-328-WKW |
| TERRANCE ROSE, *et al.*, | * |
|     Defendants. | * |

_____

**ORDER**

The Magistrate Judge has reviewed the answer, special report and supporting evidentiary materials filed by Defendants McCarty and Rudolph on June 19, 2006 (Doc. No. 16, 12) and determined that Plaintiff must file a response in opposition to such pleadings. Accordingly, it is

ORDERED that on or before July 10, 2006 Plaintiff shall file a response to the written report.  **If Plaintiff fails to file a response as required by this order, the court will treat the failure to respond as an abandonment of the claims set forth in the complaint and as a failure to prosecute this action.  Plaintiff is specifically cautioned that if he fails to file a response in compliance with the directives of this order the undersigned will recommend that this case be dismissed for such failure.  If Plaintiff fails to respond to the written report with respect to each of the claims raised in his complaint, the court will treat this failure as an abandonment of these claims and shall proceed as justice**

**requires.**

As indicated herein, at some time in the future the court will treat Defendants' report and Plaintiff's response as a dispositive motion and response.[1] Thus, in filing a response to Defendants' report Plaintiff should not rely only on his or her unsworn pleadings but should respond by filing sworn affidavits,[2] or other evidentiary materials developed through discovery or other appropriate means and which set forth specific facts demonstrating there is a genuine issue of material fact for trial in this case. Failure to file sworn affidavits or other evidentiary materials may result in this court accepting Defendants' evidence as the truth.[3] If documents are referred to in the opposing affidavits and have not been previously filed with the court, sworn or certified copies of those papers must be attached to the affidavits or served with them.

The parties are hereby notified that upon the expiration of the time for Plaintiff to file a response as allowed by this order, <u>unless within fifteen (15) days from the date of this order a party files a pleading which presents sufficient legal cause why such action should not be undertaken</u>, the court may at any time thereafter and <u>without further notice to the parties</u> (1) treat the special report and any supporting evidentiary materials as a motion for summary

---

[1] Thus, in preparing a response to the special report filed by Defendants, Plaintiff should refer to the requirements of Rule 56, <u>Federal Rules of Civil Procedure</u>.

[2] An affidavit is a sworn statement in writing made under oath or on affirmation before a notary public or other authorized officer. The affidavit **must be made on personal knowledge, set forth such facts as would be admissible in evidence**, and show affirmatively that the affiant is competent to testify to the matters stated in the affidavit.

[3] If Plaintiff is unable to present, by affidavit, facts essential to justify his opposition to Defendants' special report, he must file a sworn statement as to why he is unable to do so.

judgment and (2) after considering any response as allowed by this order, rule on the motion for summary judgment in accordance with the law.

Failure to follow the requirements of this order about the proper manner in which to respond to Defendants' written report will result in a recommendation of the Magistrate Judge that final judgment be entered in favor of Defendants without there being an evidentiary hearing.

Done, this 23rd day of June 2006.

/s/ Vanzetta Penn McPherson
VANZETTA PENN MCPHERSON
UNITED STATES MAGISTRATE JUDGE