IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

CARL HUTTO, )
 )
 Plaintiff, )
 )
Vs. ) CIVIL ACTION NO. 2:06-CV-328-WKW
 )
TERRANCE ROSE, ET AT., )
 )
 Defendants. )

## PLAINTIFF'S OBJECTION TO DEFENDANTS' SPECIAL REPORT

COME NOW the Plaintiff in the above-styled cause, pro se, and as Ordered by this Court on March 14, 2006 in the following manner:

### SUMMARY

1. The Plaintiff's Eighth and Fourteenth Amendment Rights have been violated, by Defendant Derrick Rudolph and agents of the State of Alabama Department of Corrections (herein after: "ALDOC") not served as a defendants in this matter due to the ALDOC transferring officers to different facilities ran by ALDOC to avoid service of complaint.

2. Plaintiff contends that Officer Jamie McCarty should not be a party to this action; that his name is an actual typographic error, unintended.

1

3. Defendant Rudolph and other agents of ALDOC are accused of violating State law of § 13A-6-20 of the Code of Alabama 1975 (Assault in the first degree) and Plaintiff's Eighth and Fourteenth Amendment rights to the United States Constitution due to excessive force used against him.

3. The Serving information for Defendants were unknown, and hidden from the Plaintiff, by ALDOC, causing service of summons and complaint not to be perfected.

## ARGUMENT

4. The testimonies of <u>eyewitness</u>, renders Defendant Derrick Rudolph's affidavit and denial, misplaced.

5. There was no basis for the degree of force used by Defendant Derrick Rudolph on the Plaintiff. Plaintiff asked Defendant Rose for the mail he has a First Amendment right to have.

6. Defendant Rose arbitrarily denied Plaintiff that mail. Plaintiff tried to leave the cubicle area, after mumbling: "I'll get it Monday", but Defendant Rose called Plaintiff back, and asked Plaintiff: "what did you say", and the Plaintiff repeated: "I'll get it Monday", and for that reason alone, Plaintiff was handcuffed and badly beaten by all five officers in the Cubicle, which included

2

<u>DERRICK RUDOLPH</u>; SUGGS; GRIGGS, MCWHORTHER, and ROSE. Defendant Rose was the only officer assigned to the cubicle of A-Dorm, the other officers were there hidden, avoiding their duties, in violation of ALDOC Administrative Regulation Number 208.

6. Without provocation Defendant Derrick Rudolph, and the other defendants named herein subjected Plaintiff to unnecessary and wanton infliction of pain in violation of the Eighth Amendment to the United States Constitution, as set out in <u>Bennett v. Parker</u>, 898 F.2d 1530, 1532 (11th Cir. 1990).

7. first, by defendant Rose hitting the Plaintiff in the back of the head and side of his body a closed fist; second, by the other officers grabbing Plaintiff, and throwing Plaintiff to the floor, handcuffing Plaintiff hands behind his back and than commence to beating the Plaintiff with closed fist in every open part of his body they could hit, maliciously, to cause harm and injuries to plaintiff. To this day, Plaintiff walks with a limp, and still denied medical attention.

8. Not a bandage given to Plaintiff for the cut on his head caused by the assault, and such satisfies the

3

question of liability. <u>Whitley v. Albers</u>, 475 U.S. 312, 106 S.Ct. 1078, 89 L.Ed.2d 251 (1986); <u>Hudson v. McMillian</u>, 503 U.S. ___, 112 S.Ct. 995, 117 L.Ed.2d 156, 165-166 (1992).

9. Defendant Rudolph breach duties specifically set out in <u>ALDOC Administrative Regulation Number 208</u> § V.(C)(5) and (17), (See attached hereto as exhibit "C") while supervising the Plaintiff. Defendant's immunity defense is misplaced. Defendant Rudolph is not entitled to state-agent immunity because his actions were willful directly violated lawful state regulations and was unrelated to the formation or application of governmental policy. <u>Ex parte Cranman</u>, 792 So.2d at 405 (Ala.2000).

10. The evidence, viewed most favorably to the Plaintiff, show that there were malicious and sadistic action on the part of agent Defendant Rudolph to inflict harm on the Plaintiff. As can be determined by eyewitness testimonies, requiring hearing on this matter.

11. There is evidence that defendants willfully withheld eyewitness account, during the investigation of this matter, in violation of § III. B of ALDOC <u>AR</u> 302 (See attached hereto as Exhibit "D") to deprived Plaintiff of his ability to enforce his legal rights. Otherwise, these

4

defendants reached this understanding and agreement, and did engage in this course of conduct with the mutual purpose, objective, and knowledge that it would deprive Plaintiff of his rights, privileges, and immunities as guaranteed by the laws of the United States.

**WHEREFORE THE PREMISES CONSIDERED**, Plaintiff prays that this Honorable Court dismiss defendant McCarty and set jury trial date for Defendant Rudolph and other Defendants named herein, and appoint Counsel for the trial on this matter.

Respectfully submitted,

*Carl Hutto*
Carl Hutto, Pro se

### CERTIFICATE OF FILING AND SERVICE

I hereby certify that the original and a copy of the foregoing were mailed first class, postage prepaid to the Clerk and that copy of the foregoing was mailed first class postage prepaid and properly addressed to counsel of record listed below on the 10th day of July, 2006:

Office of the Attorney General
11 South Union Street
Montgomery, Alabama 36130
(334)242-7300

*Carl Hutto*
OF PLAINTIFF
Draper Correctional Center
P.O. Box 1107
Elmore, AL 36025

/Draper Library06