IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

_____

CARL HUTTO, #148 575            *

    Plaintiff,                  *

    v.                          *      2:06-CV-328-WKW
                                       (WO)
TERRANCE ROSE, *et al.*,        *

    Defendants.                 *

_____

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

A review of the court file reflects that although the court attempted service on Terrance Rose, Steven Suggs, Joseph Griggs, and Terrance McWhorter, service was not perfected on these individuals. During the proceedings in this case, the court repeatedly advised Plaintiff that it is his responsibility to provide the court with a correct address for service, informed him that he must monitor the case to ensure that all defendants he named had been served, and notified him that the failure to perfect service on a defendant would result in the named person not being considered a party to this case. (Doc. No. 7 at pg. 4 - ¶4(i); Doc. Nos. 11, 12; *see also* Doc. No. 26. )

The Federal Rules of Civil Procedure require that service must be made upon a defendant within 120 days after filing the complaint. Rule 4(m), *Federal Rules of Civil Procedure*. When a plaintiff fails to perfect service of process within this 120-day time period and does not establish good cause for such failure, dismissal of a defendant on whom

service has not been perfected is mandatory. *Schnabel v. Wells,* 922 F.2d 726, 728 (11th Cir.1991) (interpreting the 120-day period as it appeared in Rule 4(j), *Federal Rules of Civil Procedure*, the predecessor to Rule 4(m), *Federal Rules of Civil Procedure*); *In re Cooper,* 971 F.2d 640, 641 (11th Cir.1992) (absent a showing of good cause, a district court has no discretion to salvage an action in the event of a violation of Rule 4(m)).

The time allowed for perfecting service of process on Terrance Rose, Steven Suggs, Joseph Griggs, and Terrance McWhorter expired in August 2006. There is nothing before this court which indicates the existence of good cause warranting an extension of the time for service. Consequently, Plaintiff's claims against Terrance Rose, Steven Suggs, Joseph Griggs, and Terrance McWhorter are subject to dismissal without prejudice as service has not been perfected on these individuals in accordance with applicable procedural rules.

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that Plaintiff's claims against Defendants Rose, Suggs, Griggs, and McWhorter be DISMISSED without prejudice in accordance with the provisions of Rule 4(m), F.R.Civ.P.,and that these defendants be DISMISSED as parties to the complaint.

It is the RECOMMENDATION of the Magistrate Judge that this case be referred back to the undersigned for additional proceedings against the remaining defendants.

It is further

ORDERED that on or before **May 7, 2007** the parties may file objections to the Recommendation. Any objections filed must clearly identify the findings in the Magistrate Judge's Recommendation to which a party objects. Frivolous, conclusive or general

objections will not be considered by the District Court.  The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and advisements in the Magistrate Judge's Recommendation shall bar the party from a de novo determination by the District Court of issues covered in the Recommendation and shall bar the party from attacking on appeal factual findings in the Recommendation accepted or adopted by the District Court except upon grounds of plain error or manifest injustice.  *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982).  *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982).  *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (*en banc*), adopting as binding precedent all decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

Done, this 26th day of April, 2007.

/s/ Wallace Capel, Jr.
WALLACE CAPEL, JR.
UNITED STATES MAGISTRATE JUDGE