IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

_____

| | | |
|---|---|---|
| CARL HUTTO, #148 575 | * | |
| Plaintiff, | * | |
| v. | * | 2:06-CV-328-WKW |
| | | (WO) |
| TERRANCE ROSE, *et al.*, | * | |
| Defendants. | * | |

_____

**ORDER ON MOTION**

Plaintiff has filed a pleading captioned as a *Motion to Resubmit the Same Addresses*. He requests that the court once again attempt service on Defendants McWhorter, Rose, Suggs, and Griggs at addresses he previously provided to the court but which were insufficient for service of process purposes.

Plaintiff's request that the court attempt to re-serve the complaint on the defendants noted above shall be denied. The court previously attempted service on Defendants McWhorter, Rose, Suggs, and Griggs at the addresses provided by Plaintiff in his pending motion and they were insufficient for purposes of affecting proper service of process. There is no indication that a different outcome will result if the court once again attempts service on Defendants McWhorter, Rose, Suggs, and Griggs at the same addresses previously found to be insufficient. The court finds that attempting to re-serve these defendants at the same service addresses previously submitted by Plaintiff and found insufficient would be a waste

of scarce judicial resources.

Accordingly, it is ORDERED that Plaintiff's Motion to Resubmit the Same Addresses (Dc. No. 30) be and is hereby DENIED.

To the extent Plaintiff's May 30, 2007 pleading may also be construed as a Motion for Appointment of Counsel, the motion shall be denied. A plaintiff in a civil case has no constitutional right to counsel. While an indigent plaintiff may be appointed counsel pursuant to 28 U.S.C. § 1915(e)(1), a court retains broad discretion in making this decision. *See Killian v. Holt,* 166 F.3d 1156, 1157 (11th Cir.1999).

Here, the court finds from its review of the complaint that Plaintiff is able to adequately articulate the facts and grounds for relief in the instant matter without notable difficulty. Furthermore, the court concludes that Plaintiff's complaint is not of undue complexity and that he has not shown that there are exceptional circumstances justifying appointment of counsel. *See Kilgo v. Ricks*, 983 F.2d 189, 193 (11th Cir. 1993); *Dean v. Barber*, 951 F.2d 1210, 1216 (11th Cir. 1992); *see also Fowler v. Jones*, 899 F.2d 1088, 1096 (11th Cir. 1990). Therefore, in the exercise of its discretion, the court shall deny Plaintiff's request for appointment of counsel at this time. The request may be reconsidered if warranted by further developments in this case.

Accordingly, it is ORDERED that the Motion for Appointment of Counsel (Doc. No. 30) be and is hereby DENIED.

Done, this 31st day of May 2007.

/s/   Wallace Capel, Jr.
WALLACE CAPEL, JR.
UNITED STATES MAGISTRATE JUDGE